# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF LOUISIANA
# MONROE DIVISION

| | | |
|---|---|---|
| **SAMBOU MOHAMMAD SYLLA** | * | **CIVIL ACTION NO. 05-1442** |
| **VERSUS** | * | **JUDGE JAMES** |
| **ALBERTO GONZALES, et al** | * | **MAGISTRATE JUDGE HAYES** |

## REPORT AND RECOMMENDATION

Before the undersigned Magistrate Judge, on reference from the District Court, is a Petition for Writ of *Habeas Corpus* under 28 U.S.C. § 2241 (Doc. #1) filed by Petitioner, Sambou Mohammad Sylla ("Sylla"), on August 10, 2005. The Government responded to Sylla's's petition (Doc. #15) and also filed a Motion to Dismiss (Doc. #16). For reasons stated below, it is recommended that the Motion to Dismiss be **GRANTED** and Sylla's petition be **DISMISSED without prejudice as moot.**

## BACKGROUND

Petitioner is a native and citizen of the Republic of Cote d'Ivoire. He entered the United States in 1989. On some unspecified date he was convicted of injury to real property and was sentenced to serve 8 months in prison. On some unspecified date he was ordered removed by the Immigration Judge. Petitioner was taken into custody in September, 2003 and has remained in custody awaiting removal.

Petitioner's only claim for relief in this matter stems from his position that his continued custody violates the provisions of 8 U.S.C. §1231(a)(6) as interpreted by the Supreme Court in *Zadvydas v. Davis*, 533 U.S. 678, 121 S.Ct. 2491, 150 L.Ed.2d 653 (2001).

## LAW AND ANALYSIS

In reviewing a petition for writ of habeas corpus by a detained alien who is subject to a

final order of removal, a federal district court, pursuant to the authority of 28 U.S.C. §2241(c)(3), is to gauge whether a particular set of circumstances amounts to detention within, or beyond, a period reasonably necessary to secure removal. *Zadvydas* held that § 1231(a)(6) limits "an alien's post-removal-period detention to a period reasonably necessary to bring about that alien's removal from the United States" and thus does not authorize the indefinite detention of an alien pending removal from the United States. *Id.* at 689.

The Government filed a response on April 25, 2006 stating that Sylla was released from ICE custody on an Order of Supervision on March 28, 2006.

"A controversy becomes moot where, as a result of intervening circumstances, there are no longer adverse parties with sufficient legal interest to maintain the litigation. ... A controversy can also become moot when the parties lack a legally cognizable interest in the outcome." *Chevron, U.S.A., Inc. v. Traillour Oil Co.,* 987 F.2d 1138, 1153 (5th Cir. 1993) (internal citations omitted). "A moot case presents no Article III case or controversy, and a court has no constitutional jurisdiction to resolve the issues it presents." *Goldin v. Barthalow (In re Goldin)*, 166 F.3d 710, 717 (5th Cir. 1999).

Sylla obtained his only requested relief, release from detention pending his removal from the United States, therefore his petition for *habeas* relief under *Zadvydas* is moot. Accordingly, **IT IS RECOMMENDED** that the Government's Motion to Dismiss (Doc. #16) be **GRANTED** and Sylla's Petition for Writ of *Habeas Corpus* (Doc. #1) be **DISMISSED WITHOUT PREJUDICE** as moot.

Under the provisions of 28 U.S.C. §636(b)(1)(C) and FRCP Rule 72(b), the parties have **ten (10) business days** from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within **ten**

**(10) business days** after being served with a copy thereof. A courtesy copy of any objection or response or request for extension of time shall be furnished to the District Judge at the time of filing. Timely objections will be considered by the District Judge before he makes a final ruling.

**A PARTY'S FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN TEN (10) BUSINESS DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT ON GROUNDS OF PLAIN ERROR, FROM ATTACKING ON APPEAL THE UNOBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.**

THUS DONE AND SIGNED at Monroe, Louisiana, this 26th day of April, 2006.

KAREN L. HAYES
U. S. MAGISTRATE JUDGE